UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN DIXON

    Petitioner,

v.                                              CASE NO:  8: 10-CV-1993-T-30MAP

ATTORNEY GENERAL, STATE OF
FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, timely filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. # 1).  The Court has considered the petition, Respondents' response (Dkt. # 9) and Petitioner's reply (Dkt. # 12). Upon review, the Court determines that the petition must be denied because the petitioner has not met the burden of rebutting the presumption of correctness of the factual findings made by a State court.

### BACKGROUND

Petitioner pled guilty to two counts of Robbery, two counts of False Imprisonment, and one count of Burglary of Dwelling. (Dkt. # 11, Ex. 022). A pro se notice of appeal was filed. (Dkt. # 11, Ex. 001). Petitioner filed a voluntary dismissal of the appeal, (Dkt. # 11, Ex. 002) and the Second District Court of Appeal dismissed the appeal. (Dkt. # 11, Ex. 003).

Petitioner filed a Motion for Post Conviction Relief asserting denial of effective assistance of counsel for failure to protect Petitioner's speedy trial rights and to investigate, interview, depose, or call alibi witnesses. (Dkt. # 11, Ex. 004). The postconviction court summarily denied some of the claims, required the State to respond to the remainder, and granted an evidentiary hearing. (Dkt. # 11, Ex. 005 and 008).

At the evidentiary hearing, Petitioner's counsel testified that she did not waive speedy trial, but instead speedy trial was tolled while Petitioner was having his competency evaluated. (Dkt. # 11, Ex. 012). As to the failure to call witnesses, Petitioner's counsel testified that she gave Petitioner an opportunity to call other witnesses, but all the names counsel received from Petitioner were of persons who were going to testify about facts stipulated to by the State. (Dkt. # 11, Ex. 012). The postconviction court found counsel's testimony to be credible and denied the motion. (Dkt. # 11, Ex. 013).

Petitioner appealed raising two claims which, in his words, were:

(1) Speedy trial violation where the trial court erred when it summarily denied appellant's speedy trial violation of postconviction relief motion, ground one without conclusivel (sic) refuting the claim by the record of ineffective assistance of counsel in violation of appellant's speedy trial right Amendment Sixth of the United States Constitution.

(2) Whether the trial court erred when it summarily denied appellant's motion for postconviction relief without conclusively refuting the appellant's claim by the

      record concerning ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment of the United States Constitution.

The Second District Court of Appeal affirmed per curiam. *Dixon v. State*, 38 So.3d 140 (Fla. Dist. Court. App. 2010); (Dkt. # 11, Ex. 018). Petitioner filed a Motion for Rehearing which the Second District Court of Appeal denied. (Dkt. # 11, Ex. 019, 020).

## **STANDARD**

A writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or" (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" pursuant to 28 U.S.C. §2254(d). This Court must presume determinations of factual issues to be correct, and the applicant has the burden of rebutting this presumption by clear and convincing evidence pursuant to 28 U.S.C. §2254(e).

It is well-established that to prevail on an effective assistance claim, the accused must first show that his "counsel's performance was deficient" and then must show that the deficient performance prejudiced the outcome of his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong under *Strickland*, the accused must establish that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## **DISCUSSION**

In the instant petition, Petitioner alleges two grounds of ineffective assistance of counsel for:

(1)  allowing his speedy trial right to be violated, and

(2)  failing to pursue an alibi defense.

In ground one, Petitioner argues that counsel waived his right to speedy trial without his consent. Petitioner asserts he informed counsel he did not want to waive his right to speedy trial. Notably, this contention is different from his state postconviction claim that counsel advised him he had no speedy trial rights because he was facing life in prison. Because his claim here was not addressed in the state proceedings, it is procedurally barred.

Even if this claim were not barred, it would fail on the merits. At the evidentiary hearing, counsel testified that she communicated with the Petitioner regarding his speedy trial rights. She said Petitioner's competency came into question when she noticed communication with him became difficult. Counsel stated that speedy trial was tolled while Petitioner's competency was evaluated. The postconviction court made a finding of fact that counsel did not waive Petitioner's speedy trial right and Petitioner has made no showing that it was unreasonable to have his competency evaluated. His conclusory statement that counsel knew he was competent is insufficient. Vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

In ground two, Petitioner claims his counsel should have called his supervisor, Mr. Martin, as an alibi witness. Petitioner asserts that he "wrote trial Counsel a <u>notary</u> letter specifically requesting trial Counsel to call Petitioner's employer 'Right Hand Man Day Labor,' so as to obtain documentary proof of an actual alibi for Petitioner's defense." Petitioner claims Mr. Martin would have testified in court that defendant was at work during the robbery. At the evidentiary hearing, counsel testified she never received the name of Mr. Martin. But counsel said she obtained a time sheet from the day labor office and had the custodian of records of the day labor office ready to testify.

The alibi of being at work at the time of the robbery would have required someone to explain to the jury why the Petitioner's fingerprints were in the car that was stolen. Since Petitioner pled guilty, there was no explanation at trial, and none was given in this Petition.

Petitioner's counsel also testified she sent an investigator to meet with Petitioner in jail to obtain contact information for the witnesses, and that Petitioner provided only names of witnesses who would testify that Petitioner was not carrying a gun. The prosecutor agreed to stipulate that Petitioner did not have a gun. And counsel testified that she informed Petitioner that the State was going to stipulate to the gun issue and that she did not investigate further.

The postconviction court found counsel's testimony credible and that there was no ineffective assistance of counsel for failure to contact and investigate Mr. Martin as an alibi witness. Petitioner has not shown that to be an unreasonable finding and, therefore, this Court is bound by it. "The factual findings of the state court, including the credibility findings, are presumed to be correct unless . . . [Petitioner] rebuts the presumption by clear and convincing

evidence." *Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006). Petitioner did not overcome this burden.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-1993.deny 2254.wpd*